IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,130-01




EX PARTE NEVILLE THOMAS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1215415-A IN THE 351ST JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of
marijuana and was sentenced to five years’ imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate or challenge the validity of the search and seizure leading to the
discovery of the drugs. Applicant also alleges that his co-defendant signed an affidavit taking
responsibility for the drugs and stating that Applicant had no knowledge of them, but that counsel
failed to move for a dismissal of the charges on the basis of this statement. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether trial counsel investigated the validity
of the search and seizure in this case. The trial court shall make findings as to whether counsel
considered filing a motion to suppress the evidence, and if not, why not. The trial court shall make
findings as to whether Applicant’s co-defendant, Willie Alexander, signed an affidavit taking sole
responsibility for the drugs, and if so, the trial court shall supplement the habeas record with a copy
of such affidavit. If such an affidavit exists, the trial court shall make findings as to whether
Applicant’s trial counsel sought dismissal of the charges against Applicant on the basis of such
affidavit, and if not, why not. The trial court shall make findings as to whether the performance of
Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 12, 2011
Do not publish